UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| RITA SANDEFUR, ADM'X OF DAVID SANDEFUR JR.'S ESTATE | PLAINTIFF |
| v. | No. 4:24-cv-77-BJB |
| OHIO COUNTY SHERIFF'S OFFICE, ET AL. | DEFENDANTS |

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

According to Rita Sandefur, officers with the Ohio County Sheriff's Office shot her son David during a mental-health crisis in July 2023. Complaint (DN 1) ¶¶ 1, 12–24. After David Sandefur Jr. succumbed to his injuries, ¶ 24, Ms. Sandefur (on behalf of his estate) sued the Sheriff's Office and four law-enforcement officers for constitutional and state-law torts. In response, the Defendants moved to dismiss a subset of her claims—arguing that they used force only "[a]fter a violent outburst" from Mr. Sandefur, who "armed himself with a shotgun and concealed himself in the woods." Motion to Dismiss Br. (DN 9-1) at 1. The Court granted that motion, *see* DN 14, and the Defendants answered the remaining claims, *see* DN 17.

Soon after discovery began, however, Ms. Sandefur's lawyers moved to withdraw from the case—citing "the evidence currently available and the anticipated costs and risk of further litigation." Motions to Withdraw (DNs 24 & 25) at 1. The Magistrate Judge agreed, finding that these concerns constituted "good cause" and granting both motions to withdraw. Withdrawal Order (DN 26) at 1. His order gave Ms. Sandefur until September 4, 2025, to either secure "replacement counsel" or else "file a notice with the Clerk … indicating that she elects to proceed *pro se*." *Id.* The Magistrate Judge also "**WARNED**" Ms. Sandefur "that failure to comply with this order shall be deemed a failure to prosecute the case and will result in a recommendation that the complaint be dismissed without prejudice." *Id.* at 2 (emphasis in original).

By late November, more than two months had passed after the September 4 deadline, yet Ms. Sandefur had neither hired new counsel nor indicated that she would proceed *pro se*. So the Defendants moved to dismiss her remaining claims for

failure to prosecute. *See* DN 27. Ms. Sandefur hasn't responded to that motion, either, and the 21-day window to do so has long expired. *See* W.D. KY. LOCAL R. 7.1(c).

As the Magistrate Judge forewarned, this silence warrants dismissal for failure to prosecute. "Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). In exercising that discretion, courts consider four factors:

> "(1) whether the party's failure is due to willfulness, bad faith, or fault;
>
> "(2) whether the adversary was prejudiced by the dismissed party's conduct;
>
> "(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
> "(4) whether less drastic sanctions were imposed or considered before dismissal was ordered."

*Id.* at 737 (citation omitted).

Each factor favors dismissal.

First, Ms. Sandefur is at fault, at least in the eyes of the law. She missed the Magistrate Judge's deadline several times over. Then she also missed the deadline to respond to the Defendants' Rule 41(b) motion. *See, e.g.*, *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366–68 (6th Cir. 1997) (missed deadlines and ignored court orders supported involuntary dismissal).

The second factor—prejudice—is less clear, but still cuts against Ms. Sandefur. Although "the record contains little, if any, evidence that the defendants were actually prejudiced by [Sandefur's] failure to prosecute [her] claims," they have had to attend to this lingering litigation and remain responsive to the Court's orders and status requests. *Schafer*, 529 F.3d at 740–42. That imposes some cost, and therefore some prejudice, on any defendant waiting on and wondering about the litigation of an aging lawsuit—especially one in which adjudicating contested facts may well require testimony drawn from fading memories.

Third, Ms. Sandefur's unresponsiveness followed a clear warning from the Magistrate Judge. *See* Withdrawal Order at 2 ("failure to comply … will result in a recommendation that the complaint be dismissed without prejudice").

And fourth, the Court has already considered "less drastic sanctions" (indeed, tried to avoid any sanction at all) by affording Ms. Sandefur opportunities to seek new counsel or proceed on her own behalf. *See Ellison v. Beavers*, No. 5:18-cv-74,

2021 WL 1069043, at *2 (W.D. Ky. Mar. 19, 2021) ("less drastic sanction" satisfied by "allowing Plaintiff additional time to respond"). To no avail.

Finally, while courts afford *pro se* plaintiffs some leniency on matters that require legal sophistication, such as formal pleading rules, the same approach does not apply to court deadlines and other procedures readily understood by laypersons. "[T]he lenient treatment generally accorded to *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). This is particularly true if a *pro se* litigant entirely fails to pursue a case. *See Jourdan*, 951 F.2d at 110. And trial judges have inherent authority to "ac[t] on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). This is such a case.

## ORDER

Five months after the Magistrate Judge gave Ms. Sandefur a one-month deadline—and "warned" her that "failure to comply" risked "dismiss[al] without prejudice," Withdrawal Order at 2—she has taken no steps whatsoever to advance her case. So the Court dismisses her complaint without prejudice for failure to prosecute.

Benjamin Beaton, District Judge
United States District Court

January 7, 2026